859 F.2d 241
 273 U.S.App.D.C. 265
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Mary E. ELSBERY, Appellee,
v.
The OTIS ELEVATOR COMPANY, Appellant.
 No. 87-7210.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 5, 1988.
 
 Before WALD, Chief Judge, and STARR and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the district court's judgment be affirmed.
 
 MEMORANDUM
 
 3
 Appellee Mary Elsbery sued appellant Otis Elevator Company ("Otis") in the United States District Court for the District of Columbia alleging that she suffered serious injuries when an Otis elevator on which she was a passenger came to an abrupt stop. The case was tried before a jury, which returned a special verdict in favor of Ms. Elsbery. Judgment was entered on this verdict for $300,000. Otis contends in this appeal that the trial court erroneously admitted evidence of prior injuries on the same elevator, and compounded its error by incorrectly instructing the jury in the uses to which it could permissibly put this evidence. Otis further argues that the trial court wrongly refused to grant its motions for a directed verdict and, later, judgment n.o.v. Ms. Elsbery has countered that this appeal is frivolous and warrants sanctions. Because we find Otis's challenges to the trial court's verdict to be meritless, we affirm the judgment. We do not believe, however, that this appeal was without reasonable foundation, and we therefore decline to impose sanctions.
 
 I. BACKGROUND
 
 4
 Mary Elsbery was employed in 1982 in the Material Management division at Providence Hospital in Washington, D.C. Material Management employees' duties require, among other things, the transportation of large carts of medical supplies among the hospital's several floors. On July 14, 1982, Ms. Elsbery was a passenger on Elevator 14 at the hospital when the elevator came to an abrupt stop. Ms. Elsbery testified that she felt a dropping sensation, and that her head immediately began to ache. She claims that she later developed more serious back injuries.
 
 
 5
 At trial, both sides' experts agreed that Elevator 14 came to a stop because the elevator doors were slightly open, which triggered the emergency interlock system. The parties offered different explanations of how the doors came to be open. Ms. Elsbery noted that the elevator did not have a "hold open" button, and she presented testimony that hospital employees regularly kept the doors from closing during loading by obstructing the doors' path with a cart. She argued that this practice had the effect of damaging the doors' aluminum safety edges, which could have caused the doors to close improperly. Ms. Elsbery presented evidence that Otis could have better equipped Elevator 14 to endure this use, and argued further that even after installing the elevator, Otis's maintenance obligations created a duty to retrofit the elevator once it became clear how it was used in practice.
 
 
 6
 The July 14 incident involving Ms. Elsbery was not the first time that trouble had been alleged on Elevator 14. Four months earlier, two other Providence employees had reported injuries arising from separate incidents on Elevator 14. Ms. Elsbery sought to introduce the testimony of these employees with respect to the earlier incidents. Magistrate Burnett admitted this evidence on condition that the witnesses would not go into detail about their injuries and would not mention their own litigation with Otis.
 
 II. DISCUSSION
 A. Evidence of Prior Injuries
 
 7
 Evidence of prior accidents is admissible in products liability cases to show dangerousness of the product and/or notice to the manufacturer if there is a showing that the prior and contested incidents are substantially similar. Exum v. General Electric Co., 819 F.2d 1158, 1162-63 (D.C.Cir.1987). Here there is no controversy that the testimony of prior incidents on Elevator 14 served to show both the potential dangerousness of the elevator as well as notice to Otis. Further, we conclude that the prior incidents related in the disputed testimony were sufficiently similar to Ms. Elsbery's incident to justify admission on the theories of notice and dangerousness.
 
 
 8
 Nevertheless, Otis notes that because Ms. Elsbery had suffered numerous previous injuries to her back, causation was a disputed issue. Otis argues that under the circumstances, the testimony of prior back injuries to other Providence employees filled in gaps in Ms. Elsbery's proof that the July 14 incident actually caused her injuries, and that therefore its admission under Exum should not even have been considered. In essence, Otis asks this court to find that the evidence of prior injuries was so inherently prejudicial that the trial court could not properly have admitted it.
 
 
 9
 Under the Federal Rules of Evidence, all relevant evidence is admissible unless its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." F.R.E. 403. This calls for a balancing by the trial court of the evidence's probity against its prejudicial effects, a balance that this court will uphold "in all but rare cases of egregious abuse." 10 Moore's Federal Practice Sec. 403.02.
 
 
 10
 Applying this narrow standard of review, we are unable to say that the trial court here so clearly abused its discretion that its decision should be reversed. In fact, Magistrate Burnett appears from the transcript to have been attentive to the risk of unfair prejudice in this case, limiting the type and extent of evidence that he would admit.
 
 
 11
 Otis also challenges the jury instruction relating to this evidence. The trial court cautioned jurors, "You shall not infer that [Ms. Elsbery] was injured solely from the fact that other persons claim they were injured on that elevator on prior occasions; nor should you infer that she was not injured because other persons have claimed in incidents involving elevator 14 that they were not injured." Tr. at 2910 (App. B). Otis argues that inclusion of the word "solely" in this instruction wrongly permitted the members of the jury to infer that they could use evidence of prior accidents to find causation in this particular instance. From the outset, we note that Otis was aware of the content of this instruction before it was given to the jury, and Otis did not object at the time. Contrary to Otis's assertion that such an objection would have been futile given the clarity of its objections to this evidence throughout the trial, if Otis had objected contemporaneously the trial court very likely might have altered the instruction to rectify perceived improprieties.
 
 
 12
 But even beyond this procedural issue, Otis has not shown that this instruction misstates the law. Although we acknowledge that as a general matter one person's injury from a product cannot conclusively show that another person was in fact injured by that product, the issue of causation is a broad one and the evidence at issue here did have some probative value. Otis introduced testimony that Elevator 14 could not have stopped so abruptly that it would cause an injury. This evidence was clearly designed to prove the lack of "causation" in this case. Ms. Elsbery in turn was surely entitled to rebut Otis's claim by showing that such injuries were not only possible, but had in fact occurred on Elevator 14 not long before the July 14 incident. To this extent, at least, we cannot say that this evidence was wholly "irrelevant" to the issue of causation; rather, the jury could properly consider this evidence as part of the total mix before them. Thus, although the court was correct to note that the jury could not find causation "solely" on the basis of prior injuries, it was not wrong as a matter of law for the court to fail to instruct the jury to disregard this evidence altogether.
 
 
 13
 B. Failure to Grant Judgment N.O.V.
 
 
 14
 Otis's second attack on the trial court's judgment focuses on Ms. Elsbery's failure to establish the necessary factual elements of her various claims. Otis charges that Ms. Elsbery's proof was "fatally deficient" on both her negligence and her design defect claims. Otis therefore charges that the trial court was wrong not to grant its motions for a directed verdict or judgment n.o.v. See Fed.R.Civ.P. 50. The standard usually applied under both motions was outlined by this court in Alden v. Providence Hospital, 382 F.2d 163, 165 (D.C.Cir.1967) (quoted in Tavoulareas v. Piro, 759 F.2d 90, 105 (D.C.Cir.1985)):
 
 
 15
 Unless the evidence, along with all inferences reasonably to be drawn therefrom, when viewed in the light most favorable to the plaintiff is such that reasonable jurors in fair and impartial exercise of their judgment could not reasonably disagree in finding for the defendant, the motion must be denied.
 
 
 16
 This standard erects a substantial obstacle to movants, and properly reflects the exceptional nature of these motions. Having considered the various issues raised in this appeal in light of the record, we conclude that the district court committed no reversible error in presenting the case to the jury, and that the verdict was within the jury's province to reach.
 
 III. CONCLUSION
 
 17
 Although we affirm the district court's judgment, we do not conclude that this appeal was either frivolous or pursued in bad faith. We therefore decline to impose sanctions.